# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| RONI MARTINEZ and | § | |
| DAYSI PADRON | § | |
| | § | No. 6:06-cv-340 |
| v. | § | |
| | § | |
| HENDERSON COUNTY, TEXAS | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Henderson County, Texas' Motion for Summary Judgment (Doc. #19), Plaintiffs' response (Doc. #23), and Defendant's reply (Doc. #24). Having carefully considered the motion, the competent summary judgment evidence and the applicable law, the Court hereby GRANTS Defendant's motion.

## I.   BACKGROUND

This case arises out of the termination of Roni Martinez ("Martinez") and his sister, Daysi Padron ("Padron"), from their employment with Henderson County, Texas ("Henderson County"). Martinez and Padron are of Hispanic origin and claim they were wrongfully terminated because of their race, color and/or national origin. They bring their causes of action under 42 U.S.C. § 1981 and § 2000e.

Both plaintiffs had been employed by Henderson County for over ten years when the incident giving rise to this suit occurred. Plaintiffs allege that Martinez was terminated because he was wrongfully accused of sexually harassment. Padron was

subsequently terminated after coming to the defense of her brother by confronting his alleged accuser. Both plaintiffs allege that they were, in fact, terminated because of their race, color and/or national origin, not because of the alleged sexual harassment incident.

The incident in question occurred soon after Erin Nelson ("Nelson) began working for Henderson County's auditor's office in early 2006. Nelson and both plaintiffs had met years earlier. Nelson had attended school and church with Martinez's children. Although the record is unclear as to how Nelson knew Padron, it is undisputed that they renewed their acquaintance after seeing each other at work.

During a conversation with Nelson, Padron mentioned that her brother, Martinez, also worked at Henderson County. At some point, Nelson asked Padron where she could find "good Mexican food." Padron recommended a restaurant.

Later, Padron told her brother about her conversation with Nelson and that Nelson was looking for a good Mexican restaurant. Martinez then visited Nelson at the auditor's office. Nelson asked Martinez about the restaurant Padron had recommended. Martinez told Nelson that he and Padron would take her to that restaurant. Nelson indicated that she would like to go there sometime. On two or three occasions during the following weeks, Martinez asked Nelson to go with him to the Mexican restaurant. Nelson always declined.

On March 20, 2006, Randy Logan ("Logan"), Plaintiff Martinez's supervisor, told Martinez that Nelson had complained to him about Martinez sexually harassing her. Logan instructed Martinez not to go to Nelson's work area. The following day, Martinez was terminated for the alleged harassment.

When Martinez told Padron about the sexual harassment allegations made against him, Padron went to visit Nelson. She asked Nelson if she had made the allegations against her brother. Nelson denied making the allegations. The following day, Padron was terminated. The reason given for Padron's termination was that Padron had harassed Nelson when she spoke with her about Martinez's alleged conduct.

Plaintiffs allege that Defendant's reasons for terminating them were pretexts, that is, they were not the true reasons for their terminations. They also contend that the pretexts themselves were acts of racial discrimination under 42 U.S.C. § 1981. As evidence of pretext in the termination of Martinez, Plaintiffs submit testimony from Erin Nelson. During her deposition, Nelson stated that she did not feel that she was sexually "harassed" by Martinez, but that his repeated invitations to lunch did make her feel uncomfortable. She also denied making any complaints of harassment

by Martinez to her supervisors.[1]

To show pretext in the termination of Padron, Plaintiffs submit testimony regarding Padron and Nelson's conversation after Padron learned that their supervisor had told Martinez not to go to Nelson's work area. Padron's testimony recalls a conversation that was at all times calm. Nelson recalls Padron confronting her in a hostile manner, but eventually calming down.[2]

Defendant agrees that Martinez was terminated because of the allegations that he sexually harassed Nelson. Defendant also agrees that Padron was terminated because she "retaliated" against Nelson when she perceived that Nelson had made the harassment complaint against Martinez. Defendant disagrees that these reasons were pretexts.

In addition, Defendant states that Plaintiffs were terminated for insubordination and failure to follow Henderson County, Texas employee policies and procedures. Defendant submits deposition testimony of Judge David Holstein, County Judge of Henderson County, who testified that, over the last four years, other women had complained to him that Martinez had sexually harassed them. However, none of the

---

[1] Plaintiffs state that another employee, not Nelson, allegedly told Nelson's boss that Martinez was sexually harassing her.

[2] However, Nelson also answered "yes" when her supervisor, Wes Johnson, asked her if Padron had harassed her during their conversation.

alleged victims wanted to put their complaints in writing. Judge Holstein also testified that he had "plenty of experience with Roni and Daysi not doing their job, having sexual harassment complaints told to [Holstein], having issues with Roni not being allowed in [Holstein's] office, Daysi not doing her job, Daysi bringing her kids to work, issue after issue, and this [sexual harassment] issue was the straw that broke the camel's back in [Holstein's] mind." Defendant argues that these are all legitimate, non-discriminatory reasons for termination.

## II.   SUMMARY JUDGMENT STANDARD

A summary judgment motion may only be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A "material fact" is one that might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999)(internal citations omitted). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. When ruling on a motion for

summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1048 (5th Cir. 1996)(*citing Little v. Liquid Air Corp.*, 37 F.3d, 1069, 1075 (5th Cir. 1994)(en banc)).

The party seeking summary judgment bears the initial burden of demonstrating the lack of a genuine issue of material fact. *See Little*, 37 F.3d at 1075. If the moving party "fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* If the movant meets its burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace*, 80 F.3d at 1046-47. The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075. "The nonmovant is also required to articulate

the precise manner in which the submitted or identified evidence supports his or her claim." *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)(*citing Ragas*, 136 F.3d at 458).

## III.  DISCUSSION

Plaintiffs claim they were wrongfully terminated from their positions at Henderson County because of their race, color and/or national origin in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000(e) et seq.  Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to the full and equal benefit of all laws . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  Title VII of the Civil Rights Act states, "it shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2001).  Section 1981 claims are analyzed under the same framework as Title VII claims.  *Jenkins v. Methodist Hospital of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007)(*citing Robertson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004); *see also Monteverde v. New Orleans Fire Dept.*, 124 Fed. Appx. 900, 904 (5th Cir. 2005).

To prevail under Section 1981 or Title VII, Plaintiffs must first prove a *prima*

*facie* case of intentional discrimination. *Wallace*, 80 F.3d at 1047. Plaintiffs can either do this through direct evidence or, more commonly, through circumstantial evidence of discriminatory motive. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)(*citing Harrington v. Harris*, 108 F.3d 598, 606 (5th Cir. 1997); *Wallace*, 80 F.3d at 1047-48).

Plaintiffs do not argue that there is direct evidence of employment discrimination in their summary judgment papers, nor do they present any such evidence.[3] Therefore, the Court considers Plaintiffs' claims under the "modified McDonnell Douglas" methodology that the Fifth Circuit has applied since the Supreme Court handed down its decision in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). *Taylor v. Peerless Industries, Inc.*, 211 Fed. Appx. 248, 250 (2006)(*citing Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 (5th Cir. 2005); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 310-12 (5th Cir. 2004)).

Under the *McDonnell Douglas* methodology, a plaintiff must first establish a

---

[3] The Court heard argument on Defendant's motion for summary judgment at the pretrial hearing. Plaintiffs conceded that they have no direct evidence of employment discrimination. The only evidence arguably inferring discriminatory conduct by Henderson County employees was submitted by Defendant, not Plaintiffs. Defendant submits this evidence, consisting of deposition testimony of Martinez and Padron, presumably anticipating that Plaintiffs would use it to support their allegations of racial discrimination. But, Plaintiffs neither proffer nor discuss this evidence in their summary judgment papers. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

*prima facie* case of discrimination. *Taylor*, 211 Fed. Appx. at 250. The defendant must then articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff. *Id.* If the defendant is able to meet this burden, the plaintiff must then offer sufficient evidence that the defendant's reason for its decision is not true, but rather a pretext for discrimination. *Id.* The modified *McDonnell Douglas* methodology is used in mixed motive cases, or cases in which the defendant's proffered reason, even if true, is one of two or more reasons for its employment decision, another motivating factor being the plaintiff's protected classification. *Id.(citing Keelan*, 407 F.3d at 341). The defendant must show that it would have made the same adverse employment decision even "in the absence of the employee's showing of a discriminatory animus." *Id.* If the defendant is unable to meet this burden, the plaintiff prevails. *Id.*

To establish a *prima facie* case of discrimination under this methodology, a plaintiff must prove that he or she: (1) is a member of a protected class; (2) was qualified for the position he held; (3) suffered an adverse employment action; and (4) was replaced by a person outside of his protected class. *Ramirez v. Gonzales*, No. 06-40751, 2007 WL 329207, at *3 (5th Cir. Jan. 30, 2007)(*citing Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)). Defendant does not dispute that Plaintiffs have established the first three elements of their *prima facie* case. Defendant does

argue that Plaintiffs have failed to prove the fourth element. Defendant is correct. Plaintiffs have not presented any evidence that they were replaced by persons outside of their protected class (Hispanic).

Nevertheless, "[i]n employment discrimination cases, evidence of disparate treatment may still suggest a discriminatory motive for the purposes of the fourth prong of the prima facie test." *Allen v. Solo Cup Co.*, Civil Action No. 3:05-cv-0848-R, 2006 WL 1949455, at *9, (N.D. Tex. July 13, 2006)(*citing Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005)). To establish disparate treatment, a plaintiff must show that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by a similarly situated employee who the company retained. *Perez v. Texas Dept. of Criminal Justice Institutional Div.*, 395 F.3d 206, 213 (5th Cir. 2004)(internal citations omitted).

However, Plaintiffs do not allege in their pleadings nor do they present any summary judgment evidence of disparate treatment. In fact, in their response to Defendant's motion for summary judgment, Plaintiffs' only argument is that Defendant's reasons for their terminations is pretextual, and therefore discriminatory. Plaintiffs present no argument or evidence to rebut Defendant's claim that they have failed to establish a prima facie case of discrimination. Accordingly, Plaintiffs have failed to establish a *prima facie* case, and the Court must grant Defendant's motion

for summary judgment.

## IV.  CONCLUSION

After careful review and consideration, and for the reasons stated above, the Court finds no genuine issue of material fact that precludes summary judgment as to Plaintiffs' claims.  It is therefore,

ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment be, and hereby is, GRANTED in all things.

It is SO ORDERED.

**SIGNED this 5th day of June, 2007.**

*/s/ Michael Schneider*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE